ON RETURN TO REMAND
TYSON, Judge.
Danny Allen Conrad was convicted of burglary in the first degree and sentenced to life imprisonment. The appellant did not appeal his conviction. Conrad filed a Rule 20 petition and raised numerous grounds in his petition. After an evidentiary hearing was held on the petition, the circuit court *1045 denied the petition and issued the following order:
“I find that the Defendant has failed to prove his claim of ineffective assistance of counsel. The testimony at yesterday’s hearing focused on a claim that the Defendant’s retained lawyer failed to ask for a mistrial after he found the victim crying in the presence of the trial jury on the second day of the trial. I find that this is the sort of tactical decision which the law leaves to the discretion of trial counsel and which does not substantiate an ineffective assistance claim. The Defendant knowingly abandoned his appeal rights in this case in return for dismissal of an unrelated rape charge and therefore is precluded from raising any issue in this proceeding which he might have raised on appeal. The decision to waive Youthful Offender Act treatment is amply justified by the nature of the offense in this case, which also properly elicited a severe sentence. The Defendant’s absence at the hearing, if any, on the new trial motion does not bear on the issue of effective assistance. The Defendant’s remaining allegations are equally unfounded.” (R. 176.)
In his appeal of the denial of his Rule 20 petition, the petitioner raised three issues. One of the claims he alleged was that his trial counsel was ineffective because he did not ask for a mistrial after he learned that the victim had communicated with members of the jury. Since this matter was not addressed in the circuit judge’s order denying the petition, we remanded the case with directions that he consider this allegation. The circuit court then issued the following order:
“I have entered this order in response to the Court of Criminal Appeals’ remand. I find there is no merit to the Defendant’s claim that the victim improperly communicated with the jury panel during the trial. I have therefore extended my previous order denying Rule 20 relief.” (S.R. 7.)
The other two issues raised by the petitioner on appeal concern his decision not to appeal his original conviction. These matters were addressed in the circuit court’s order denying the Rule 20 petition. A.R.Crim.P.Temp. Conrad v. State, 565 So.2d 695 (Ala.Crim.App.1990).
All of the circuit court’s findings are supported by the record. For the reasons shown, this cause is affirmed.
AFFIRMED.
All the Judges concur.